(No. 4929.  July 9, 1927.)

IRA H. SHALLIS, Respondent v. NICK FIORITO, JOE FIORITO, G. FIORITO, a Partnership Doing Business Under the Firm Name and Style of FIORITO BROS., Appellants.

[258 Pac. 1117.]

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County.  Hon. Charles L. Heitman, Judge.

Action on contract. Judgment for respondent. *Reduced and affirmed.*

W. B. McFarland, for Appellants.

The court made a miscalculation when he found that the 6,300 yards of sand and gravel which Lee and Paus would have hauled from the Callis pit would under the contract cost $7,717.50. The intention of the parties to a contract

should govern, especially when that intention is clearly shown by the evidence, and where the parties to the contract have given it a practical construction by their conduct, etc. (13 C. J., p. 521, par. 483, p. 546, par. 157; *Porter v. Allen,* 8 Ida. 358, 69 Pac. 105, 236; *Tildon v. Hubbard,* 25 Ida. 677, 138 Pac. 1133.)

Robt. H. Elder, for Respondent.

There is no conflict in the evidence. In fact, the only evidence which was submitted with reference to the number of yards hauled from the Callis pit was by the witness Fiorito, and the sand which was hauled from this pit was distributed over the twelve miles. The only question involved is a question of law, the construction of the contract, and respondent respectfully submits that there can be only one construction given to the terms of the contract providing for the hauling of sand and gravel from any other source than the Kennedy pit; that the haul was to be based on thirty-five cents for each yard for each two-mile haul. For this reason the finding of the court should be sustained.

The most that can be said for any question which has been submitted by the appellants is that there was a conflict in the evidence and that the court has found against defendants and appellants.

GIVENS, J.—This case was remanded for a new trial because of an erroneous instruction (*Shallis v. Fiorito,* 41 Ida. 653, 240 Pac. 932) and upon a retrial was heard by the court without a jury. The facts are not materially different than appeared upon the former appeal and the only substantial difference in the findings was as to the amount that should be allowed for hauling approximately 6,300 yards from the Callis pit. The court in the second trial allowed for this $1,717.50, evidently on the theory that the average price was $1.22½. Such computation is based upon respondent's interpretation of the evidence. The correct basis is that furnished by the testimony of one of the appellants and heretofore adopted by this court as $1.05 per cubic yard.

The other items about which appellants complain were decided upon evidence, which, though conflicting, was ample to sustain the findings and conclusions of the trial court.

The judgment should be reduced in accordance with the above conclusions, and it is therefore sustained in the sum of $773.50.    Costs awarded to appellants.

Wm. E. Lee, C. J., and Budge, Taylor and T. Bailey Lee, JJ., concur.